**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
Elizabeth Wagner, Esq. (317098)
elizabeth@kazlg.com
1303 East Grand Avenue, Ste. 101
Arroyo Grande, CA 93420
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone:   (619) 233-7770
Facsimile:    (619) 297-1022

*Attorneys for Plaintiffs,*
Gary Sprague

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GARY SPRAGUE,**<br><br>Plaintiffs,<br><br>v.<br><br>**FINANCIAL CREDIT NETWORK, INC.,**<br><br>Defendant. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I.   **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *ET SEQ.*;**<br><br>II.  **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, *ET SEQ.*; AND,**<br><br>III. **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE §§ 1785.1, *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The Legislature has further determined that there is a need to insure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. The California legislature found that the banking system is dependent upon fair and accurate credit reporting; and that, inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. The California Consumer Credit Reporting Agencies Act was enacted to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy; and to ensure

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

**PLAINTIFF GARY SPRAGUE'S COMPLAINT FOR DAMAGES FOR VIOLATION OF THE FDCPA, THE RFDCPA, AND THE CCCRAA**

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

1   that consumer reporting agencies exercise their grave responsibilities with
2   fairness, impartiality, and a respect for the consumer's right to privacy because
3   consumer reporting agencies have assumed such a vital role in assembling and
4   evaluating consumer credit and other information on consumers.[2]

5   4. GARY SPRAGUE ("Plaintiff"), by Plaintiff's attorneys, brings this action to
6      challenge the actions of FINANCIAL CREDIT NETWORK, INC.
7      ("Defendant") with regard to attempts by Defendant, debt collector, to
8      unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this
9      conduct caused Plaintiff damages.

10  5. Plaintiff, by Plaintiff's attorneys, also brings this action to challenge with regard
11     to Defendants' reporting of erroneous negative and derogatory reports to
12     Plaintiff's credit report, as that term is defined by Cal. Civ. Code §§ 1785.3(c).

13  6. Plaintiff alleges as follows upon personal knowledge as to themselves and their
14     own acts and experiences, and, as to all other matters, upon information and
15     belief, including investigation conducted by their attorneys.

16  7. Plaintiff makes these allegations on information and belief, with the exception
17     of allegations that pertain to another Plaintiff, or to Plaintiff's counsel, which
18     Plaintiff alleges on personal knowledge.

19  8. While many violations are described below with specificity, this Complaint
20     alleges violations of the statutes cited in their entirety.

21  9. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were
22     knowing and intentional, and that Defendant did not maintain procedures
23     reasonably adapted to avoid any such violation.

24  ///
25  ///
26
27
28  [2] Cal Civ Code § 1785.1

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

**PLAINTIFF GARY SPRAGUE'S COMPLAINT FOR DAMAGES FOR VIOLATION OF THE FDCPA, THE RFDCPA, AND THE CCCRAA**

10. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

**JURISDICTION AND VENUE**

11. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331; and, 28 U.S.C. § 1367 for supplemental state claims.

12. Jurisdiction of this Court is proper because the events leading to Plaintiff's causes of action occurred in the County of Tulare and in the State of California.

13. This action arises out of Defendant's violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"); (ii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.17 ("RFDCPA"); and the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785.1. *et seq.* ("CCCRAA").

14. Because Defendant does business within the State of California, personal jurisdiction is established.

15. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Tulare, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

**PARTIES**

16. Plaintiff is a natural person who resides in the County of Tulare, State of California, from whom Defendant sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff.  In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3); and, a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h).

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

17. Plaintiff is informed and believes, and thereon alleges, that Defendant is a corporation headquartered in the City of Visalia in the State of California and is therefore a "person" as that term is defined by Cal. Civ. Code § 1788.2(g).

18. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c); and, 15 U.S.C. § 1692a(6).

19. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by 15 U.S.C. § 1692a(5); and Cal. Civ. Code § 1788.2(e)-(f);

20. In addition, Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(b);

21. Defendant is also a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

22. The causes of action herein also pertain to Plaintiff's "consumer credit report(s)" as that term is defined by Cal. Civ. Code § 1785.3(c), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

**FACTUAL ALLEGATIONS**

23. At all times relevant, Plaintiff is an individual residing within the State of California and within this judicial district.

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

**PLAINTIFF GARY SPRAGUE'S COMPLAINT FOR DAMAGES FOR VIOLATION OF THE FDCPA, THE RFDCPA, AND THE CCCRAA**

24. At all times relevant, Defendant conducted business in the State of California.

25. Prior to August of 2017, Plaintiff co-signed or guaranteed a debt for Plaintiff's daughter.

26. These alleged finance obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt[s]" as that term is defined by 15 U.S.C. § 1692a(5) and California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

27. Sometime thereafter, Plaintiff's daughter allegedly fell behind in the payments allegedly owed on the alleged debt.

28. Plaintiff, at all times relevant, disputes the validity of the alleged debt.

29. On some date prior to August 3, 2017, Defendant purchased and/or was assigned the alleged debt for collection.

30. On or about August 3, 2017, Defendant sent or caused to be sent a dunning letter, dated August 3, 2017, to Plaintiff.

31. Said dunning letter, contained a "Credit Bureau Disclosure" indicating that Defendant reports to all three credit bureaus. The implication of such a statement being that failure to pay the amount enclosed in said letter would result in Defendant reporting derogatory information about Plaintiff to the credit bureaus.

32. This letter constitutes "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

33. Defendant's letter dated August 3, 2017, contained numerous false, deceptive and/or misleading statements in violation of the FDCPA and the RFDCPA.

34. Defendant's August 3, 2017, written communication stated that Plaintiff owed $219.50.

35. However, Plaintiff's daughter has, at all times relevant, remained current on the debt.

**PLAINTIFF GARY SPRAGUE'S COMPLAINT FOR DAMAGES FOR VIOLATION OF THE FDCPA, THE RFDCPA, AND THE CCCRAA**

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

36. In fact, Plaintiff's daughter paid the amount sought by Defendant on July 11, 2017.

37. Furthermore, said account is reported by Defendant as a "collection account" whose status is "paid, was a collection account . . .."

38. As such, Defendant sought to collect a debt from Plaintiff that had been previously paid in full.

39. Through this conduct, Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17.  Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

40. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of any alleged debt. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17.  Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

41. Through this conduct, Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of any alleged debt. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

42. Through this conduct, Defendant violated 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

**PLAINTIFF GARY SPRAGUE'S COMPLAINT FOR DAMAGES FOR VIOLATION OF THE FDCPA, THE RFDCPA, AND THE CCCRAA**

43. Through this conduct, Defendant violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

44. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiffs' alleged debt. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

45. Through this conduct, Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect any interest, fee, charge or expense incidental to the principal obligation which is not expressly authorized by the agreement creating the debt or permitted by law. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

46. Through this conduct, Defendant has also violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Defendant knew or should known was inaccurate.

47. Defendant's inaccurate and negative reporting of the account despite knowledge of the fact that the debt was invalid was willful.

48. Defendant's failure to correct the previously disclosed inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of its duty to refrain from reporting inaccurate information.

49. Accordingly, Defendant willfully and negligently failed to comply with its respective duties to have in place procedures reasonable adapted to avoid the reporting of inaccuracies.

50. Defendant's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

51. As a result of Defendant's action and inaction, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials.

52. To date, said derogatory mark remains on Plaintiff's credit report with Defendant and continues to damage Plaintiff.

53. Plaintiff suffered an invasion of a legally protected interest by being humiliated and discouraged from applying for credit because Defendant was reporting inaccurate and derogatory information about her on her credit report.

54. Plaintiff was affected personally because she was humiliated and discouraged from applying for credit because of Defendant's inaccurate and derogatory report.

55. Plaintiff's injury is concrete as Defendant's conduct of reporting inaccurate and derogatory information is analogues to common law defamation.

56. Furthermore, the California legislature enacted the CCRAA to protect consumers from precisely the conduct described in this Complaint. Specifically, as stated in this Complaint's introduction, the California legislature found that the banking system is dependent upon fair and accurate credit reporting; and that, inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system.

57. Consequently, the CCRAA was enacted to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy; and to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. Such transgressions by Defendants would progress to worse

**1**   behavior if the California legislature had not created laws to give vulnerable
**2**   consumers a voice through the statute alleged.

**3**                          CAUSES OF ACTION CLAIMED BY PLAINTIFF

**4**                                        COUNT I

**5**          VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
**6**                       15 U.S.C. §§ 1692-1692(p) (FDCPA)

**7**   58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint
**8**       as though fully stated herein.

**9**   59. The foregoing acts and omissions constitute numerous and multiple violations
**10**      of the FDCPA.

**11**  60. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any
**12**      actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a
**13**      knowing or willful violation in the amount up to $1,000.00 pursuant to 15
**14**      U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to
**15**      15 U.S.C. § 1692k(a)(3) from Defendant.

**16**                                       COUNT II

**17**    VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
**18**                   Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

**19**  61. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint
**20**      as though fully stated herein.

**21**  62. The foregoing acts and omissions constitute numerous and multiple violations
**22**      of the RFDCPA.

**23**  63. As a result of each and every violation of the RFDCPA, Plaintiffs are entitled to
**24**      any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages
**25**      for a knowing or willful violation in the amount up to $1,000.00 pursuant to
**26**      Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant
**27**      to Cal. Civ. Code § 1788.30(c) from Defendant.

**28**                                       COUNT III

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

PLAINTIFF GARY SPRAGUE'S COMPLAINT FOR DAMAGES FOR VIOLATION OF THE FDCPA,
THE RFDCPA, AND THE CCCRAA

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

**VIOLATION OF THE CAL. CONSUMER CREDIT REPORTING AGENCIES ACT**

**Cal. Civ. Code § 1785.1, *et seq.* (CCCRAA)**

64. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

66. In the regular course of its business operations, Defendant routinely furnishes information to credit reporting agencies pertaining to transactions between Defendant and its consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

67. Because Defendant is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

68. Defendant knew or should have known that Defendant was not able to report that the alleged debt was owed by Plaintiff at all on Plaintiff's credit report. Thus, Defendant violated Cal. Civ. Code § 1785.25(a).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against Defendant;

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant;

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against Defendant;

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against Defendant;
- An award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against Defendant;
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b); and,
- Any and all other relief the Court deems just and proper.

### TRIAL BY JURY

69. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial by jury.


Dated: January 5, 2018                           Respectfully submitted,


                                        **KAZEROUNI LAW GROUP, APC**


                                        By:   ___/s/ Matthew M. Loker___
                                              MATTHEW M. LOKER, ESQ.
                                              ATTORNEY FOR PLAINTIFF