1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY SPRAGUE, | Case No. 1:18-cv-00035-SAB |
| Plaintiff, | ORDER RE JOINT STATEMENT OF DISCOVERY DISAGREEMENT AND VACATING OCTOBER 3, 2018 HEARING |
| v. | |
| FINANCIAL CREDIT NETWORK, INC., | (ECF No. 14) |
| Defendant. | |

Gary Sprague ("Plaintiff") filed this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. against the Financial Credit Network, Inc. ("Defendant"). Currently before the Court is the parties Joint Statement of Discovery Disagreement. The Court, having reviewed the record, finds this matter suitable for decision without oral argument. <u>See</u> Local Rule 230(g). Accordingly, the previously scheduled hearing set on October 3, 2018 will be vacated and the parties will not be required to appear at that time.

### I.

### BACKGROUND

Plaintiff co-signed or guaranteed a debt for his daughter prior to August 2017. Plaintiff's daughter allegedly fell behind on the payments for the debt and the debt was assigned to Defendant. Around August 3, 2017, Defendant sent a letter to Plaintiff seeking to collect the debt. The letter stated that Plaintiff owned $219.50, however Plaintiff contends that his daughter

at all times remained current with the debt. Plaintiff states that the debt was paid in full on July 11, 2017.

On January 5, 2018, Plaintiff filed this action alleging violation of the FDCPA; California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq.; and California's Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785.1, et seq. (ECF No. 1.) Defendant filed an answer on February 20, 2018. (ECF No. 5.) The scheduling order in this matter was filed on April 16, 2018. (ECF No. 10.) On April 15, 2018, Plaintiff consented to the jurisdiction of the magistrate judge. (ECF No. 9.) On April 16, 2018, Defendant consented to the jurisdiction of the magistrate judge. (ECF No. 11.) On April 17, 2018, this matter was assigned to a magistrate judge for all purposes. (ECF No. 12.) Upon the retirement of the magistrate judge assigned to this action, it was reassigned to the undersigned. (ECF No. 13.)

On September 12, 2018, the parties filed a joint statement re discovery disagreement. (ECF No. 14.)

## II.

## DISCUSSION

On May 1, 2018, Plaintiff served a request for production of documents, interrogatories, and requests for admissions on Defendant. Plaintiff granted Defendant two requests for an extension of time to respond to the discovery request, with the last being a two-week extension of time granted making the responses due on July 2, 2018. Defendant's discovery responses were served on July 17, 2018. Plaintiff moves to have the Court find that Defendant waived any objections to the requests by the late responses and to strike the untimely admissions. Defendant responds that the responses were late due to a calendaring mistake while he was travelling and argues that the tardiness was due to excusable neglect.

### A.    Legal Standard

Unless otherwise limited by court order, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Disclosures and discovery are governed by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 26-37.

After being served with interrogatories, requests for production, or requests for admission, the responding party must serve its answers and any objections within 30 days. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3). The failure to timely respond to discovery requests will generally constitute a waiver of any objections thereto. See Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection [to an interrogatory] is waived unless the court, for good cause, excuses the failure"); Ramirez v. Cty. of Los Angeles, 231 F.R.D. 407, 409 (C.D. Cal. 2005). "Although Rule 34 does not contain an express provision that untimely objections are waived, courts have interpreted the rule regarding waiver consistent with Rule 33." Sicilia v. State Farm Mut. Auto. Ins. Co., No. 214-CV-00812-GMN-GWF, 2015 WL 3448680, at *3 (D. Nev. May 29, 2015) (citations omitted).

If the responding party fails to serve a timely response to a request for admission, the matter is deemed admitted. Fed. R. Civ. P. 36(a)(3). Once admitted, the matter is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Fed. R. 36(b). "Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). "Trial courts [have been] advised to be cautious in exercising their discretion to permit withdrawal or amendment of an admission." Conlon v. United States, 474 F.3d 616, 621 (9th Cir. 2007) (quoting 999 v. C.I.T. Corp., 776 F.2d 866, 869 (9th Cir.1985)).

Rule 37 provides that a party may move for an order compelling responses to discovery. Fed. R. Civ. P. 37(a)(3)(B). If the court grants the motion, it shall require the party whose conduct necessitated the motion to pay the moving party's reasonable expenses incurred in

making the motion, including attorneys' fees, unless the moving party did not make a good faith attempt to obtain the discovery without a court order, the failure to respond was substantially justified, or other circumstances would make the award of expense unjust. Fed. R. Civ. P. 37(a)(5)(A).

### B. Request for Production of Documents and Interrogatories

Plaintiff seeks an order compelling Defendant to respond to the request for production of documents and interrogatories finding that any objections have been waived due to the untimely response. Defendant responds that the failure to timely serve responses was due to an inadvertent scheduling error and is excusable neglect. Defendant contends that it has produced the relevant documents that are proportional to the case under the Federal Rules and the relief sought would not be equitable.

"It is well established that a failure to object to discovery requests within the time required constitutes a waiver of objection." Bryant v. Armstrong, 285 F.R.D. 596, 602 (S.D. Cal. 2012) (quoting Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992)). Generally, in the absence of an extension of time or good cause, the failure to object to discovery requests within the time provide constitutes a waiver and "[t]his is true even of an objection that the information sought is privileged." Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981).

"Where a waiver of objections by failure to serve a timely response has been found, it usually has been because the party required to serve a response failed to make any response whatsoever within the time allowed." Safeco Ins. Co. of Am. v. Rawstrom, 183 F.R.D. 668, 670 (C.D. Cal. 1998). Courts retain broad discretion in determining whether good cause exists to excuse a late discovery response. Lizarraga v. Buffalo Wild Wings, Inc., No. 2:15-CV-1655-MMD-VCF, 2016 WL 1465338, at *2 (D. Nev. Apr. 14, 2016).

Here, Mr. Ellis was out of state when the relevant extension of time was requested on June 18, 2018. (Decl. of Mark E. Ellis for Joint Statement re: Discovery Disagreement ¶ 3, ECF No. 14-12.) A two-week extension of time was granted and was inadvertently placed on the calendar for a thirty day, not fourteen-day, response showing the response due June 17, 2018.

(Id. ¶ 4.) As Mr. Ellis had limited remote access at the time of the mistake, he was unaware that the calendaring mistake had occurred and did not catch it when he returned to the office. (Id.) Mr. Ellis served the discovery responses on the date that he believed that they were due. (Id. ¶ 6.) In responding to the discovery requests, Defendant stated objections of vague, ambiguous, overbroad, irrelevant, trade secret (propriety and confidential), attorney-client privilege, and attorney work product.

Defendant argues that courts have found that similar harmless delays have constituted excusable neglect. Defendant cites Millner v. Woods, in which this Court considered whether the reason for a defendant's delay in filing an answer to an amended complaint was sufficient to set aside default. No. 116CV01209SABPC, 2018 WL 1175112 (E.D. Cal. Mar. 5, 2018). It was found that there was miscommunication that lead to delay in serving the amended complaint as the defendant had retired. Id. at *2. Nothing indicated that the failure to file a response to the complaint was due to a willful and intentional failure to comply with the applicable rules. Id. This supported a finding that the failure to timely respond to the complaint was a result of excusable neglect. Id.

Similarly, in Snow v. Shwe, this court consider the reason for the defendant's failure to respond in determining whether to set aside default. No. 115CV01606SABPC, 2016 WL 7384001 (E.D. Cal. Dec. 20, 2016). The attorney stated that he had misfiled the defendant's file and did not realize he had not received the request for representation. Id. at *2. Upon discovering the case on his list of cases he looked at the docket and saw that default had been entered against the defendant. Id. He contacted the prison to receive the request for representation and then filed a motion to set aside the default. Id. The Court found that there was no prejudice to Plaintiff aside for the minimal delay in resolution of the action and the motion to set aside default was granted. Id. at *3.

In Ammari v. California, the Court considered a motion to have a party's designation of expert witnesses deemed timely. No. 1:11-CV-00867-LJO, 2013 WL 1414652 (E.D. Cal. Apr. 8, 2013). The party stated that it had relied on an incorrect date on the court's docket and did not realize the deadline to disclose experts until the opposing party served their disclosure. Id. at *2.

The party served their expert disclosure four days later and the Court considered the length of and reason for the delay which was due to an error by the court, and that he party acted in good faith to find excusable neglect. Id. at *3.

In Jacome v. Uribe, the Court consider a pro se inmate's failure to submit a traverse. No. 1:13-CV-00072-AWI, 2013 WL 3146807 (E.D. Cal. June 18, 2013). The Court considered that the prisoner was incarcerated and proceeding pro se and had only recently obtained counsel who had acted diligently after being detained. Id. at *3. Excusable neglect was found in those circumstances. Id.

However, the issue here is not whether the failure to respond within the deadline was due to excusable neglect but whether there is good cause for the failure to comply. Fed. R. Civ. P. 33(b)(4). "A showing of good cause requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." Grasshopper House, LLC v. Accelerated Recovery Centers, LLC, No. CV098128DMGPLAX, 2010 WL 11549374, at *2 (C.D. Cal. Aug. 27, 2010) (quoting Starlight International, Inc. v. Herlihy, 181 F.R.D. 494, 496-97 (D. Kan. 1998)); see also Lemoge v. United States, 587 F.3d 1188, 1198 n.3 (9th Cir. 2009) (good cause may be demonstrated by establishing at a minimum excusable neglect).

Good cause requires a showing of due diligence. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). This requires the party to show that despite due diligence the scheduled deadline could not be met. Grasshopper House, LLC, 2010 WL 11549374, at *2. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 609.

In similar situations courts have held that a calendaring error is not good cause to excuse a waiver. See Grasshopper House, LLC, 2010 WL 11549374, at *2 (calendaring error when new attorney substituted in not good cause for delay in serving discovery responses); Woods v. Kraft Foods, Inc., No. CV F 05-1587 LJO, 2006 WL 2724096, at *1 (E.D. Cal. Sept. 22, 2006) (nine-day delay due to calendaring error not good cause). The Court finds that Defendant has not demonstrated good cause for the delay in responding to the request for production of documents

and interrogatories.

The recognizes the "the protections and sanctions found in the discovery rules are not absolute and contemplate use of judicial discretion." Grasshopper House, LLC, LLC, 2010 WL 11549374, at *2 (quoting Davis v. City of New York, 1988 WL 42189, at *2 (S.D.N.Y. April 28, 1988)).  Even absent a showing of good cause, courts can exercise their discretion to find that a waiver is not warranted by the circumstances.  Batts v. Cty. of Santa Clara, No. C08-00286 JW (HRL), 2010 WL 1027990, at *1 (N.D. Cal. Mar. 18, 2010); Hansen v. Boeing Co., No. C09-1247RSM, 2010 WL 11527328, at *2 (W.D. Wash. Aug. 30, 2010); Hunt v. Fields, No. CIV S-09-3525 FCD, 2011 WL 2709250, at *3 (E.D. Cal. July 11, 2011); Lizarraga, 2016 WL 1465338, at *2.  Given the detrimental effect that an order deeming all meritorious objections waived could have on a party, the court will exercise its discretion to relieve Defendant of waiver as to those objections based on attorney-client or work-product privilege and trade secret (proprietary).[1]  However, all other objections have been waived by the untimely response.

## C.    Request to Withdraw Admissions

As Defendant failed to serve a timely response to the request for admissions they are deemed admitted by operation of Rule 36.  Defendant seeks to have the Court withdraw the admissions and allow the response to the admissions.

Rule 36 is permissive regarding requests to withdraw admissions and permits the district court to exercise its discretion to grant relief from an admission where "(1) 'the presentation of the merits of the action will be subserved,' and (2) 'the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.' "  Conlon, 474 F.3d at 621.  The decision to grant or deny a motion to withdraw an admission is within the sound discretion of the district court, C.I.T. Corp., 776 F.2d at 869, but the discretion should not be exercised in terms of the defaulting party's excuses, but in terms of the effect upon the litigation and prejudice to the resisting party, Hydrotech, Inc. v. Bara Infoware, Inc., No. 109CV00069-OWWSMS, 2009 WL 2460893, at *3 (E.D. Cal. Aug. 10,

[1] The Court has not considered the appropriateness of the objections and the parties may continue to litigate the objections if Plaintiff finds it is necessary.

2009).

Plaintiff has not addressed the two-part test for withdrawal of the admissions, but argues that the admissions are deemed admitted as they were not timely served. Defendant argues that Plaintiff's request for admissions contain legal conclusions and facts that are in dispute. Further, Defendant contends that Plaintiff has not made a showing that withdrawal of the admissions would impact the proceedings in any way nor shown any prejudice from the slight delay of two weeks where discovery is still open.

1.    Upholding admissions would practically eliminate presentation of the merits

"The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995); see also Sonoda v. Cabrera, 255 F.3d 1035, 1040 (9th Cir. 2001) (no abuse of discretion to allow withdrawal of admissions where admissions would effectively eliminate a merits determination).

Here, Plaintiff requested that Defendant admit that the Acts were violated, the violation was intentional, and was not bona fide, (Request Nos. 6 7, 8, 15, 16, 17); there were no procedures in place to avoid the violation of the Acts, (Request No. 9); that adverse credit information that negatively reflects on Plaintiff's credit history was published to Experian and Equifax; (Request Nos. 19, 20, 21, 22); that Defendant reported that the account was delinquent when it was paid in full on July 11, 2017; and the account was not delinquent, (Request Nos. 24, 25). Deeming the request for admissions admitted would preclude Defendant from proffering a defense in this action. Accordingly, the first factor is satisfied.

2.    Plaintiff has not met his burden of demonstrating prejudice

Rule 36(b) does not contemplate prejudice simply because "the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." Hadley, 45 F.3d at 1348 (internal punctuation omitted) (quoting Brook Village N. Assocs. v. General Elec. Co., 686 F.2d 66, 70 (1st Cir.1982). The burden is on the party who

obtained the admission to prove that withdrawing the admission would prejudice its case. Hadley, 45 F.3d at 1348.

The prejudice contemplated in a motion to withdraw related to the difficulty the nonmoving party will have at proving its case at trial. Conlon, 474 F.3d at 622; see Sonoda, 255 F.3d at 1040 (request to withdraw made pretrial did not hinder the opponent's ability to present evidence to the factfinder). Courts are more likely to find prejudice where a motion to withdraw admissions is made during trial. Hydrotech, Inc., 2009 WL 2460893, at *5.

Plaintiff has set forth no prejudice that would be suffered from allowing withdrawal of the admissions in this instance. The delay in Defendant's response to the request for admissions was two weeks and discovery remains open until October 12, 2018. The deadline to file dispositive motions is in January 2019, and trial is not set until July 2019. Therefore, the parties may extend he discovery deadline by stipulation or by filing a motion to amend the scheduling order should the withdrawal of the deemed admissions require additional discovery. The Court finds no prejudice to Plaintiff if the deemed admissions are withdrawn and Defendant relies on the admissions served on July 17, 2018. See Raiser v. Utah Cty., 409 F.3d 1243, 1247 (10th Cir. 2005) (finding no prejudice where response to request for admissions was two weeks late and nonmoving party was preparing a motion for summary judgment at the time).

3.    Conclusion

Upholding the admissions in this instance would effectively eliminate full consideration of the merits of the case. Further, discovery remains open, and trial is not set to begin for another ten months. Plaintiff has not shown that there is any prejudice as defined by the Ninth Circuit by allowing withdrawal of the deemed admissions. The two-factor test of Rule 36(b) is satisfied. Defendant's motion to withdraw the deemed admissions is granted and Plaintiff's motion to strike the admissions is denied.

**III.**

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    Plaintiff's motion to compel responses to interrogatories and requests for

1   production of documents is GRANTED IN PART as follows;

2   a.   Defendant has waived all objections other than attorney-client privilege, work-

3        product, and trade secret due to the untimely discovery responses;

4   2.   Plaintiff's request to strike Defendant's admissions is DENIED;

5   3.   Defendant's request to withdraw deemed admissions is GRANTED; and

6   4.   Defendant shall serve supplemental responses to the interrogatories and request

7        for production of documents within fourteen days.

IT IS SO ORDERED.

Dated:   **September 25, 2018**   _____

UNITED STATES MAGISTRATE JUDGE